Joseph Asch, Respondent, *v*. Jacob B. Price, Louis Tulcin, Harry Tulcin and Price Bros., Appellants.

(Supreme Court, Appellate Term, First Department, December, 1917.)

Pleading — answer — negotiable instruments — accommodation indorsers — Municipal Court Code, § 92.

The answer in an action brought against the accommodation indorsers of a promissory note may be amended so as to allege a denial of the signatures to the instrument and a demand that they be proved as required by section 92 of the Municipal Court Code.

Appellate Term, First Department, December, 1917.   [Vol. 101.

APPEAL by defendants from a judgment of the Municipal Court of the city of New York, borough of Manhattan, second district, in favor of plaintiff, after a trial by a judge without a jury.

Harry Dimin, for appellants.

Lester M. Friedman, for respondent.

BIJUR, J.   This action was brought to recover on promissory notes, defendants being sued as accommodation indorsers.

Although the answer contained a specific denial of each paragraph of the complaint, it did not contain a demand that the genuineness of the signatures be proved as required by section 92 of the Municipal Court Code.   Nor was " a specific denial of the genuineness of the signature and a demand that it be proved " filed with the clerk within eight days after joinder of issue.   The learned judge below was of opinion that the section cited was " mandatory " to the extent that no amendment could be allowed to cure the defect.   Since, however, the section provides that the signature shall be taken as admitted unless a denial and demand be filed by the clerk within eight days after joinder of issue, and continues " such denial and demand by a defendant may be included in his answer," there would seem to be no reason why an amendment of the answer may not be permitted in a case of this kind to correct an oversight or mistake precisely as in any other case, with due provision against surprise or other disadvantage resulting to the plaintiff.

Defendants' motion for amendment of the answer having been refused, not as matter of discretion, but because the learned judge felt himself without power

to permit it, the judgment must be reversed and a new trial granted, with thirty dollars costs to appellants to abide the event.

PHILBIN and ORDWAY, JJ., concur.

Judgment reversed and new trial granted, with costs to appellants to abide event.